Matter of Pezhman v Bloomingdales, Inc. (2023 NY Slip Op 02191)

Matter of Pezhman v Bloomingdales, Inc.

2023 NY Slip Op 02191

Decided on April 27, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 27, 2023

Before: Webber, J.P., Moulton, Scarpulla, Mendez, Rodriguez, JJ. 

Index No. 100595/22 Appeal No. 140 Case No. 2022-04760 

[*1]In the Matter of Anna Pezhman, Petitioner-Appellant,
v
Bloomingdales, Inc., Respondent-Respondent.

Anna Pezhman, New York, appellant pro se.
Barton Gilman LLP, New York (Gabriela A. Tremont of counsel), for respondent.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered October 4, 2022, which denied petitioner's petition to vacate a final arbitration award, dated May 17, 2022, and granted respondent's cross-motion to confirm the award, unanimously affirmed, without costs.
The parties' arbitration agreement provided that judicial review of an award would be pursuant to the requirements of the Federal Arbitration Act (see 9 USC §§ 9, 10). The grounds for vacatur at 9 USC § 10(a), as relevant here, are analogous to those specified in CPLR 7511(b)(1). The arbitrator's detailed, well-reasoned award addressed each of petitioner's substantive claims and undermines petitioner's arguments that the award reflected a manifest disregard of the law (see generally Matter of Roffler v Spear, Leeds & Kellogg, 13 AD3d 308, 313 [1st Dept 2004]; Nexia Health Tech., Inc. v Miratech, Inc., 176 AD3d 589, 591 [1st Dept 2019]). Petitioner's allegations that the presentment of her case was prejudiced by the arbitrator's decisions regarding discovery and procedure are unsupported by the record. There is no evidence to support petitioner's claim that the arbitrator exceeded his powers in rendering the award, as the arbitrator enforced agreed upon the discovery rules and procedures in the parties' arbitration agreement, and answered the claims framed by the parties.
Finally, petitioner waived her claim that the arbitrator was biased by participating in the arbitration (see Matter of Miller Tabak & Co., LLC v Coppedge, 166 AD3d 432 [1st Dept 2018]), and in any event, is based on speculation unsupported by objective facts inconsistent with impartiality (Scandinavian Reinsurance Co. v Saint Paul Fire & Marine Ins. Co., 668 F3d 60, 72 [2d Cir 2012]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 27, 2023